J-S30016-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAWRENCE V. LARSEN | |
| Appellant | No. 1171 WDA 2017 |

Appeal from the PCRA Order entered July 17, 2017
In the Court of Common Pleas of Jefferson County
Criminal Division at No: CP-33-CR-0000318-2016

BEFORE: BENDER, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    FILED AUGUST 21, 2018

Appellant, Lawrence V. Larsen, appeals from the July 17, 2017 order

dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42

Pa.C.S.A. §§ 9541-46. Counsel has filed a brief and no merit letter in

accordance with Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and

Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). We

affirm the order and grant counsel's petition to withdraw.

On May 8, 2015, the Commonwealth filed a criminal complaint charging

Appellant with driving under the influence ("DUI")/general impairment, 75

Pa.C.S.A. § 3802(a)(1). Because Appellant refused to consent to a blood test,

and because this was his third DUI offense, Appellant was facing a first-degree

_____

[*] Retired Senior Judge assigned to the Superior Court.

misdemeanor conviction with a mandatory minimum of one year of incarceration, a fine of at least $2,500.00, and temporary loss of his driver's license followed by a period of ignition interlock. Prior to the disposition of Appellant's case, the United States Supreme Court handed down its decision in Birchfield v. North Dakota, 136 S. Ct. 2160 (2016), in which it held that the federal constitution does not permit criminalization of the refusal to consent to a blood test. On August 3, 2016, Appellant accepted the Commonwealth's post-Birchfield plea offer and pled guilty to DUI as a second-degree misdemeanor. That same day, the trial court sentenced Appellant to time served to two years less one day, followed by one day of probation, and a $500.00 fine. Appellant did not file a direct appeal, and therefore his judgment of sentence became final on September 2, 2016.

Appellant filed a timely first pro se PCRA petition on December 27, 2016. Counsel filed an amended petition on May 5, 2017. The PCRA court conducted a hearing on July 12, 2017. On July 17, 2017, the court entered the order on appeal, dismissing Appellant's petition. This timely appeal followed.

Before we address the merits of Appellant's appeal, we consider the adequacy of counsel's Turner/Finley filings. Turner/Finley procedure involves the following:

> 1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

- 2 -

3) The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;

4) The PC[R]A court conducting its own independent review of the record; and

5) The PC[R]A court agreeing with counsel that the petition was meritless.

Commonwealth v. Widgins, 29 A.3d 816, 818 (Pa. Super. 2011) (quoting Commonwealth v. Pitts, 981 A.2d 875, 876 n.1 (Pa. 2009)). Counsel's petition and no merit letter comply with the first three requirements above, and counsel has served copies of his fillings on Appellant. Appellant has not filed any response. We therefore proceed with our review.

"On appeal from the denial of PCRA relief, an appellate court's standard of review is whether the ruling of the PCRA court is free of legal error and supported by the record." Commonwealth v. Jones, 932 A.2d 179, 181 (Pa. Super. 2007). The Turner/Finley letter addresses four issues Appellant wished to raise, the first of which is that trial counsel unlawfully induced Appellant's plea. To prevail on this claim, he must plead and prove that his plea was "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S.A. § 9543(a)(2)(iii).

The record contains no evidence that Appellant was induced, or that he is innocent. At the plea hearing, Appellant initially asked to "fire" the public defender representing him. N.T. Plea Hearing, 8/3/16, at 4. Appellant claimed he was coerced into waiving his preliminary hearing, that counsel

failed to respond to letters, and that counsel told him the judge would "hang" him if he went to trial. Id. at 5-6. Appellant also asked for alcohol rehab as a condition of his guilty plea. Id. at 6-7. The trial judge refused to make any promises without the benefit of a drug and alcohol evaluation. Id. at 8. The court recessed for an hour to permit Appellant to discuss the matter with his public defender and decide whether he wanted to enter a plea or proceed to trial, with or without counsel. Id. at 8-9. Upon returning to the courtroom, Appellant pled guilty, indicating that he understood all of the questions in his written plea colloquy. Id. at 10-11. The court conducted an on-the-record colloquy at which Appellant confirmed that he understood his rights and the maximum fines and punishments. Id. at 11. Appellant stated that he reviewed the facts with defense counsel and wished to plead guilty. Id. at 12. For all of the foregoing reasons, we agree with counsel that Appellant cannot establish that defense counsel induced his guilty plea, or that he is innocent.

Next, the Turner/Finley letter states that Appellant wishes to argue that the trial court denied Appellant due process by denying Appellant's pre-trial motion challenging counsel's effectiveness. In Commonwealth v. Holmes, 79 A.3d 562 (Pa. 2013), our Supreme Court held that, absent limited circumstances, assertions of ineffective assistance must await collateral review. We discern no basis upon which the trial court erred in denying Appellant's pre-trial motion.

On collateral review, Appellant wishes to assert that counsel was ineffective for advising him to waive his preliminary hearing. To establish that counsel was ineffective, a petitioner must plead and prove that (1) the underlying issue is of arguable merit; (2) counsel had no reasonable strategic basis for the action or inaction; and (3) counsel's error prejudiced the petitioner. Commonwealth v. Travaglia, 661 A.2d 352 (Pa. 1995), cert. denied, 516 U.S. 1121 (1996). Here, Appellant's claim fails for lack of arguable merit. Appellant, at his guilty plea, conceded that the Commonwealth had sufficient evidence of his guilt of DUI/general impairment. Clearly, he cannot establish prejudice stemming from counsel's decision not to force the Commonwealth to establish a prima facie case at the preliminary hearing.

Finally, the Turner/Finley brief notes that Appellant wishes to challenge the sufficiency of the evidence because there is no blood test or other evidence confirming his intoxication and because the original dispatch leading officers to the scene of Appellant's arrest identified his vehicle as having an Illinois plate, instead of Iowa (the plate number was correct). See N.T. PCRA Hearing, 7/12/17, at 6-7. This argument cannot prevail because insufficiency of the evidence is not a basis for relief on collateral review. 42 Pa.C.S.A. § 9543. Furthermore, Appellant's general impairment conviction did not require evidence of his blood alcohol content. Finally, the error regarding the license plate would not have undermined a police officer's identification of

Appellant as the intoxicated driver of the vehicle in question. To the extent Appellant wished to argue that counsel was ineffective for advising him to plead guilty where the Commonwealth had insufficient evidence of his guilt, he would have failed because the underlying issue lacks arguable merit.

In summary, we agree with counsel's assertion that the issues Appellant wishes to raise lack merit. Our own review of the record has identified no other potentially meritorious issues. We therefore affirm the order dismissing Appellant's petition and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2018